# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES MIRABILE, M.D., et al.,

        Plaintiffs,

v.                                        No.  05-2223-KHV-DJW

BLUE CROSS AND BLUE SHIELD
OF KANSAS CITY, INC., et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion To Stay All Proceedings Pending Transfer to the Southern District of Florida (doc. 3). For reasons stated below, Defendants' motion is granted.

## Procedural Background

Plaintiffs, as putative class representatives, commenced this action on February 17, 2005 in the District Court of Wyandotte County, Kansas against various health insurance company defendants. In the Petition, the named Plaintiffs claim to represent all licensed doctors, doctors' groups and associates practicing in the State of Kansas who have and will be injured by various health insurance companies who allegedly deny and delay physician payments. On April 26, 2005, Plaintiffs filed a Second Amended Petition, which adds three state law counts based on the same alleged underlying conduct, adds three new defendants and removes two previously-named defendants.

On May 25, 2005, several Defendants removed this action to federal court. On May 26, 2005, Defendants filed a notice with the Judicial Panel of Multidistrict Litigation, asserting the case should be transferred under 28 U.S.C. § 1407 as a "tag-along" action to *In Re Managed Care Litigation*, MDL Case No. 1334 ("MDL 1334"). On that same date, Defendants filed a motion to stay this proceeding

pending resolution of the MDL transfer notice. Plaintiffs argue a stay of this action is not appropriate before the Court has ruled on their motion to remand. The Court disagrees.

## Discussion

Plaintiffs do not dispute Defendants' contention that – in the context of the MDL proceeding at issue here – numerous courts have found it appropriate to stay proceedings in removed provider class actions virtually indistinguishable from Plaintiffs' action and to defer consideration of the plaintiffs' remand motions pending completion of their transfer by the MDL Panel.[1] Defendants assert, and Plaintiff again do not dispute, that those cases and others had motions to remand pending at the time of transfer that raised jurisdictional issues similar to the jurisdictional objections lodged by Plaintiffs here. Plaintiffs do not explain how their jurisdictional objection is fundamentally different than the objections raised by plaintiffs in the other cases pending in the Southern District of Florida. Because the Southern District of Florida, as the transferee court, must rule on these same jurisdictional objections in similar cases, it appears judicial economy is best served by a stay of the proceedings in this Court until the MDL panel decides whether to transfer this case to the Southern District of Florida.

The factual allegations in this case, and those in the other provider class actions pending in MDL NO. 1334, are analogous; indeed, the Petition in this matter appears to mirror in large part the lead

---

[1] *See, e.g., Franco v. Conn. Gen. Life Ins. Co.*, No. 04-1318 (FSH) (D.N.J. Aug. 14, 2004); *Blackwell v. Aetna Inc.*, No. 8:03-cv-1273-T-26EAJ (M.D. Fla. Oct. 14, 2003); *Blackwell v. Aetna Inc.*, No. 8:03-cv-1273-T-26EAJ (M.D. Fla. Aug. 4, 2003); *Galbreath v. Aetna, Inc.*, No. 03-341-MJR (S.D. Ill. July 8, 2003); *Ahmad v. Aetna U.S. Healthcare*, No. 02-8673 (E.D. Pa. Feb. 21, 2003); *Sutter v. CIGNA Healthcare of J.J. v. Anthem*, No. 02-cv-02542 (D.N.J. July 9, 2002); *Conn. St. Dental Ass'n v. Anthem Health Plans, Inc.*, No. 02-cv000831 (D. Conn. 2002); *Rutt v. Anthem Health Plans, Inc.*, No. 02-cv000832 (D. Conn. 2002).

complaint in the MDL proceeding. To that end, the judge presiding over the MDL proceeding has addressed, in multiple rulings on motions to dismiss, the legal sufficiency of many of the same state-law theories of recover that Plaintiffs plead here.[2] The MDL judge also has addressed class certification motions in the lead actions, as well as the issue of preemption under ERISA as asserted by Defendants in removal pleadings filed in this matter.[3]

The Court is persuaded that a stay under the circumstances presented here will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime. Moreover, there simply is no evidence that Plaintiffs will suffer any prejudice if a stay is granted. For these reasons, it is hereby ordered that Defendants' Motion To Stay All Proceedings Pending Transfer to the Southern District of Florida (doc. 3) is granted and this action is stayed pending ruling by the MDL Panel on transfer to the Southern District of Florida.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of July, 2005.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

---

[2] *See In re Managed Care Litigation*, 298 F. Supp. 2d 1259 (S.D. Fla. 2003); *In re Managed Care Litigation*, 185 F. Supp. 2d 1330 (S.D. Fla. 2002); *In re Managed Care Litigation*, 150 F. Supp. 2d 1130 (S.D. Fla. 2001); ; *In re Managed Care Litigation*, 135 F. Supp. 2d 1253 (S.D. Fla. 2001);

[3] *See Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Coir. 2004) (affirming class certification); *In re Managed Care Litigation*, 209 F.R.D. 678 (S.D. Fla. 2002) (granting class certification); *In re Managed Care Litigation*, 298 F. Supp. 2d 1259, 1290 (S.D. Fla. 2003); *In re Humana Inc. Managed Care Litigation*, 2000 WL 1925080, *3 (J.P.M.L. Oct. 23, 2000).